Martin J. Coleman, Esq., SBN 033704
Bret Rasner, Esq., SBN 028189
Pamela Bridge, Esq., SBN 018252
COMMUNITY LEGAL SERVICES, INC.
141 S. McCormick St, Suite 200
Prescott, Arizona 86303
Telephone: (928) 445-9240
Facsimile: (928) 445-6312
E-Mail: yavapai@clsaz.org
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| Sabrina Beram,<br><br>      Plaintiff,<br><br>  v.<br><br>City of Sedona, Sedona Wyndham Apartments, LLC, and Sanjo Investments, a California Corporation<br><br>      Defendants. | Case No.<br><br>**COMPLAINT** |

Plaintiff, Sabrina Beram, through counsel undersigned, hereby files this Complaint and states in support:

## PARTIES

1. At all times relevant to this action, Plaintiff Sabrina Beram (hereinafter, "Sabrina") was and remains a resident of the City of Sedona, Yavapai County, Arizona.

2. At all times relevant to this action, Defendant City of Sedona (hereinafter, "Sedona") is an Arizona city incorporated under the authority of A.R.S. § 9-131.

3. At all times relevant to this action, Defendant Sedona Wyndham Apartments, LLC (hereinafter, "Wyndham"), was and is an Arizona limited liability corporation. The agent for service of process for Wyndham is CT Corporation System, 3800 N. Central Ave., Suite 460, Phoenix, AZ 85012.

4. Wyndham owns a twelve-unit, multi-family rental housing facility in Sedona which includes the apartment.

5. At all times relevant to this action, Defendant Sanjo Investments (hereinafter, "Sanjo") was and remains a California corporation. Sanjo acts as a property manager and rental agent for Wyndham in Yavapai County, Arizona. The agent for service of process for Sanjo is Ernie Farhat, 2300 Michigan Ave., Suite 200, Santa Monica, CA 90404.

6. At all times relevant to this action, Sanjo acted as property manager and rental agent for Defendant Wyndham.

7. Sanjo's Chief Executive Officer, Ernie Farhat, is also a beneficial owner of Defendant Wyndham through the Farhat Family Trust.

## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction over this Complaint pursuant to 28 U.S.C. § 1331, and under the Eighth and Fourteenth Amendments of the United States Constitution, Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132 (hereinafter, "Title II of the ADA"), and the Fair Housing Act, 42 U.S.C.A. § 3604(f)(1)-(3) (hereinafter, "FHA").

9. All actions of the Defendants which constitute violations of the United States Constitution, Title II of the ADA and FHA occurred within the City of Sedona, Arizona.

## GENERAL ALLEGATIONS

10. Sabrina entered into a rental agreement with Sanjo on April 14, 2020, for the apartment located at 1623 Kestrel Circle, Sedona, AZ 86336 (hereinafter, "apartment"). That agreement will expire on April 30, 2021.

11. Sabrina is an individual with a severe, chronic anxiety disorder of the obsessive compulsive type (hereinafter, "OCD").

12. Sabrina's OCD manifests itself through complicated, interrelated behaviors and thoughts. When Sabrina perceives unclean conditions in her residential living environment, she must perform rituals designed to render the unclean condition tolerable to her inhabitation. Performance of these rituals can take several hours. Not infrequently, Sabrina intuitively concludes that she cannot complete the cleaning rituals on any given night in sufficient time to obtain a restful sleep. When Sabrina intuitively concludes she cannot

complete her apartment cleaning rituals in time to obtain restful sleep, she experiences a powerful cognitive compulsion she describes as like an electric fence around the threshold of her apartment. The compulsion commands her not to enter any further into her apartment beyond the tiles inside the door.

13. When Sabrina experiences the compulsive command not to enter her apartment beyond the tiles, she sleeps in her vehicle in the parking lot appurtenant to her apartment.

14. Sabrina's vehicle is a space that Sabrina maintains with cleaning rituals in a manner that allows her to readily use it to sleep in when she cannot sleep in her apartment.

15. Sabrina estimates that she sleeps in her vehicle one-third to one-half of the nights of any given week. This sleeping pattern has been present since Sabrina moved into her apartment on April 14, 2020.  This pattern involving sleeping in Sabrina's vehicle has been relatively constant throughout her adult life.

16. Sabrina's OCD began when she was a child. She received mental health treatment at different points in her life which has not cured her of OCD.

17. Sabrina does not have the ability to terminate the manifestations of her OCD.

18. Sabrina has completed a four-year college degree. She lives independently. She has never been late paying rent. She prefers to sleep in her apartment rather than her vehicle. She takes very good care of her apartment. She treats other people with respect.

19. Sabrina has never posed a direct threat to the health or safety of any Sedona residents.

20. Sabrina is current in her rental payments.

21. Sabrina is not otherwise in breach of her rental agreement with Sanjo.

22. On November 25, 2020, Greg Tucker, employee of Sanjo, sent two written notices to Sabrina via e-mail.

23. The first notice announced that Sanjo would non-renew the rental agreement.

24. The second notice alleged that Sabrina breached her rental agreement as follows: "Per lines 263-270 of your lease agreement dated 4/15/20 you are to immediately cease and desist any and all rental of your unit to others."

25. Sabrina responded to the two November 25, 2020, notices from Sanjo by sending a lengthy e-mail dated December 3, 3020.

26. The December 3, 2020, e-mail informed Sanjo that Sabrina never rented her apartment to others. She explained that she has an anxiety disability that causes her to sleep in her vehicle in the parking lot when she is unable to properly perform cleaning rituals to make the apartment suitable for her to sleep in.

27. The December 3, 2020, e-mail requested that Sanjo make a reasonable accommodation to Sabrina's disability that would permit her to continue to reside at the apartment even though she sleeps in her vehicle because of OCD.

28. No attorney representing Sanjo or Wyndham ever contacted Sabrina.

29. On December 4, 2020, Greg Tucker, employee of Sanjo, replied to Ms. Beram's December 3, 2020, e-mail by stating that the matter has been turned over to Wyndham's attorney.

30. Community Legal Services, Inc., sent a letter dated December 15, 2020, to Greg Tucker and Sanjo on behalf of Ms. Beram.

31. The letter requested a reasonable accommodation from Sanjo under the FHA, on the basis of disability, that would permit Ms. Beram to continue residing at the apartment and allow her to sleep in her vehicle as needed to cope with her disability.

32. As of January 31, 2021, Sanjo, Wyndham or its agents or counsel did not respond to Community Legal Services' December 15, 2020, letter.

33. On or about January 31, 2021, Sanjo sent an Addendum to Sabrina with three terms that would be added as conditions to any future lease renewal.

34. The Addendum did not address the December 3, 2020, and December 15, 2020, reasonable accommodation requests.

35. On February 10, 2021, Community Legal Services sent a letter to Sandy Moriarty, Mayor of the City of Sedona, requesting that the City grant Sabrina a reasonable modification to the Code that would relieve Sabrina from any penalty attached to violation of the Code on public or private property in the City of Sedona due to her disability.

1  36. The letter included a letter from a treating mental health provider for Sabrina which explained that Sabrina sleeps in her vehicle as a coping mechanism to her psychiatric disability.

37. On February 10, 2021, Community Legal Services sent a second letter to Mayor Moriarty which alleged that the Code was unconstitutional under the Eighth Amendment to the United States Constitution based on a recent Ninth Circuit Court of Appeals case. The letter asked Sedona to voluntarily rescind the code.

38. Kurt Christianson, Sedona City Attorney, sent a letter dated February 22, 2021, which denied Community Legal Services' February 10, 2021, request for a reasonable modification.

39. Sedona made no offer to engage in further compromise to avoid imposition of penalties from the Code.

40. Community Legal Services sent a letter to Greg Tucker dated February 23, 2021, which asked Sanjo to allow Sabrina to sign a new lease with the caveat that Sanjo would not enforce the clause related to prohibiting Sabrina from sleeping in her vehicle while Community Legal Services continued its negotiations with Sedona on her ADA reasonable modification request.

41. Sanjo and Wyndham responded to the letter and agreed only to allow Sabrina to continue her occupancy through April 30, 2021.

42. Sanjo and Wyndham offered to extend Sabrina's existing right to occupancy of the apartment through April 30, 2021, provided that she pays a rent increase set forth in the Addendum.

43. Sabrina paid the rent increase and is now residing at the apartment under a rental agreement that will expire on April 30, 2021.

44. Community Legal Services sent an e-mail dated February 24, 2021, to Kurt Christianson which made an alternate reasonable modification request to Sedona. The request proposed that Sedona refrain from charging Sabrina with violation the Code if she sleeps in her vehicle in the parking areas appurtenant to the apartment.

45. Mr. Christianson denied Community Legal Services' February 24, 2021, offer of compromise in an e-mail dated March 1, 2021.

46. Community Legal Services sent Mr. Christianson an e-mail on March 1, 2021, requesting that Sedona reconsider its decision to deny both of Sabrina's requests for reasonable modification of the Code.

47. Kurt Christianson is aware that Sedona's refusal to provide Sabrina with a reasonable modification of the Code would result in non-renewal of her rental agreement with Sanjo and Wyndham.

48. Community Legal Services has not received any further communications from Sedona related to her reasonable modification requests since March 1, 2021.

49. Sabrina has no reasonable, alternate rental housing prospects in Sedona after April 30, 2021.

50. Sedona has no homeless shelters.

51. Notwithstanding the complete lack of any homeless shelters in Sedona, Sabrina's OCD prevents her from using any homeless shelter because homeless shelters are spaces with unclean conditions which she cannot feasibly perform her cleaning rituals.

## COUNT 1

## Violation of Title II of the ADA

52. Sabrina realleges and incorporates by reference all previous allegations set forth above.

53. Sabrina is a qualified individual with a disability as that term is defined in 42 U.S.C. § 12131(2) and in 28 C.F.R. §§ 35.104 and 35.108 who is entitled to the protections provided by the Americans with Disabilities Act set forth in 42 U.S.C. § 12132 and 28 C.F.R. § 35.130(b)(7).

54. Sedona's refusal to grant Sabrina's requests for a reasonable modification of the Code violates Sabrina's rights under 42 U.S.C. § 12132 and 28 C.F.R. § 35.130(b)(7).

55. Sabrina faces eviction by Sanjo and Wyndham if she does not vacate the apartment by April 30, 2021.

56. Upon information and belief, Sedona did not intend that the Code would apply to persons with disabilities who sleep in vehicles or camp outside solely because of a disability.

57. The Code criminalizes Sabrina's conduct when she sleeps in her vehicle because of her disability.

58. Sedona's refusal to agree to make a reasonable modification to the Code is likely to render Sabrina homeless and cause her irreparable injury.

59. Sabrina requests injunctive relief against Sedona from enforcement of the Code in a manner that would not discriminate against her on the basis of disability.

## COUNT 2

### Violation of the FHA

60. Sabrina realleges and incorporates by reference all previous allegations set forth above.

61. Sabrina is an individual with a handicap as that term is defined in 42 U.S.C. § 3602(h), who is entitled to the protections provided by the Fair Housing Act set forth in 42 U.S.C. § 3604(f)(1)-(3).

62. The FHA applied to all dwellings, public or private, after December 31, 1968.

63. Sanjo and Wyndham are not entitled to the benefit of any of the exceptions to application of the FHA set forth in 42 U.S.C. § 3603(a)(2).

64. Sanjo and Wyndham are subject to the prohibitions set forth in the FHA.

65. Sanjo and Wyndham refused to provide Sabrina with a reasonable accommodation to her requests to renew her rental agreement under terms that would not discriminate against her on the basis of disability.

66. Sanjo and Wyndham failed to acknowledge Sabrina's requests for a reasonable accommodation.

67. Sanjo and Wyndham failed to articulate why Sabrina's requests for a reasonable accommodation would cause it an undue administrative or financial burden.

68. Sanjo and Wyndham failed to articulate why Sabrina's requests for a reasonable

accommodation would fundamentally alter the nature of their rental programs and services.

69. Sanjo and Wyndham's refusal to grant Sabrina's reasonable accommodation requests violates her rights under 42 U.S.C. §§ 3604(f)(1)-(3).

70. Sabrina requests injunctive relief against Sanjo and Wyndham that would permit her to renew her rental agreement on terms that do not discriminate against her on the basis of disability.

## COUNT 3

### Violation of the Eighth and Fourteenth Amendments to the U.S. Constitution

71. Sabrina realleges and incorporates by reference all previous allegations set forth above.

72. Sabrina is subject to the penalties set forth in the Code, because her affliction with OCD requires her to sleep in her vehicle in Sedona.

73. None of the exceptions to the Code apply to Sabrina.

74. The Eighth Amendment to the United States Constitution states that: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

75. The Eighth Amendment limits the type of punishment a government may impose for commission of a crime; proscribes punishment grossly disproportionate to the severity of a crime; and places substantive limits on what a government may criminalize.

76. Sedona violates Sabrina's Eighth Amendment rights because the Code punishes her for actions that are an immutable part of her being over which she has no control.

77. Due to her affliction with OCD, Sabrina is unable to control her OCD compulsion that causes her to sleep in her vehicle.

78. The Code punishes Sabrina for a condition of her being, over which she has no control, while failing to provide any reasonable means which would permit her to avoid sleeping in her vehicle.

79. The Code violates Sabrina's rights under the Eighth and Fourteenth Amendments to the United States Constitution.

80. Sabrina seeks a declaration that the Code is unconstitutional under the Eighth and Fourteenth Amendments to the United States Constitution.

### DEMAND FOR JURY TRIAL

81. Sabrina hereby demands trial of all issues by jury pursuant to Fed. R. Civ. P. 38(a) and (b).

**WHEREFORE**, Sabrina prays that this Court:

a. Declare that Sedona violated her statutory rights under Title II of the ADA by denying her requests for reasonable modification of the Code.

b. Declare that the Code is unconstitutional under the Eighth and Fourteenth Amendments to the United State Constitution.

c. Declare that Wyndham and Sanjo violated her rights under the FHA by denying her request for a reasonable accommodation of their policy prohibiting her from sleeping in her vehicle in the parking lot of the apartment.

d. Enjoin Sedona from questioning, investigating, charging or convicting her for sleeping in her vehicle in Sedona pursuant to the Code.

e. Enjoin Wyndham and Sanjo from prohibiting her from sleeping in her vehicle in the parking lot appurtenant to the apartment, or from otherwise discriminating against her on the basis of her disability.

f. Enjoin Wyndham and Sanjo to require them to permit re-entry and occupation if she is forced from her apartment due to their discriminatory actions.

g. Award costs and attorneys' fees under Counts 1, 2 and 3.

h. Award such other and further relief as the Court deems proper and in the interest of justice.

**DATED** this 2nd day of April, 2021.

COMMUNITY LEGAL SERVICES

By  /s/ Martin J. Coleman
    Martin J. Coleman, Esq.
    *Attorney for Plaintiff*

Filed via CM/ECF with the Clerk's Office, District of Arizona this 2nd day of April, 2021.

By: /s/ Bret Rasner

## **VERIFICATION**

STATE OF ARIZONA      )
                      ) ss.
COUNTY OF YAVAPAI     )

I, Sabrina Beram, after being duly sworn, depose and state that I am a Plaintiff in the above-captioned Complaint entitled Sabrina Beram v. City of Sedona, et al.. I have read the Complaint and know the contents thereof, and that the matter and things therein stated are true to my knowledge.

Dated this __29th__ day of March, 2021.

_____
Sabrina Beram

SUBSCRIBED AND SWORN to before me this __30__ day of March, 2021.

Notary Public _____

My Commission Expires: 8-15-2023

OFFICIAL SEAL
Bryan Diaz
NOTARY PUBLIC - ARIZONA
Yavapai County
COMM # 568498
My Comm. Expires August 15th 2023